IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT HAYS<br>　　　　Plaintiff, | CIVIL ACTION |
| v. | NO. 2:26-cv-1522 |
| WALMART SUPERCENTER; WALMART INCORPORATED; and ABC STAFF and/or CORPORATIONS 1-2<br>　　　　Defendants. | JURY TRIAL DEMANDED |

**DEFENDANTS WALMART SUPERCENTER AND WALMART INCORPORATED'S NOTICE OF REMOVAL**

Defendants Walmart Supercenter and Walmart Incorporated (hereinafter referred to collectively as "Walmart"), hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Pennsylvania Court of Common Pleas for Philadelphia County, February Term 2026, No. 201377, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and avers in support thereof as follows:

　　1.　　Plaintiff, Scott Hays, (hereinafter referred to as "Plaintiff") initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas on February 10, 2026. *See* a copy of Plaintiff's Complaint attached hereto as Exhibit "A."

　　2.　　Upon information and belief Plaintiff served Walmart on February 18, 2026.

　　3.　　On March 6, 2026 Walmart filed preliminary objections to Plaintiff's complaint which are currently pending before the state court. *See* a copy of Walmart's Preliminary Objections to Plaintiff's Complaint filed in state court attached hereto as Exhibit "B." Therefore, Walmart's Answer is not yet due and Walmart intends to file an Answer in Federal Court.

4. Plaintiff alleges that on January 15, 2025, a pipe burst in the bathroom of the Walmart store located 100 Commons Drive, Parkesburg, PA 19365 and Plaintiff sustained injuries when he slipped and fell in a puddle of water. *See* Exhibit "B," ¶¶ 17,19, 20.

5. The state court where this action was originally filed is located in Philadelphia County, Pennsylvania, which is embraced within this jurisdictional district.

6. Removal from the Court of Common Pleas, Philadelphia County, is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

7. This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

I. **Plaintiff Is Wholly Diverse from the Defendant.**

8. Plaintiff resides at 92 Steeplechase Drive, Media, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania. *See* Exhibit "A," at ¶ 1.

9. Walmart Incorporated is a is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Therefore, Walmart Inc. is a citizen of Delaware and Arkansas.

10. Walmart Supercenter is not a recognized legal entity and therefore has no citizenship for diversity purposes.

11. The "ABC Staff and/or Corporations 1-2" are fictitious entities named as Co-Defendants which have no citizenship for purposes of diversity. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see also Brooks v. Purcell*, 57 Fed. Appx. 47, 50-51 (3d Cir. 2002) (where the Third

Circuit held there was "no doubt" that it should disregard the diversity of fictitiously named defendants).

12. Accordingly, Plaintiff is diverse from all Defendants

## II. The Amount in Controversy Exceeds the Jurisdictional Minimum of $75,000.

13. In her Complaint, Plaintiff claims with specificity that she suffered injuries as a result of this incident including:

   a. **Torn left meniscus**;
   b. Deep cartilage fissure;
   c. Subchondral edema;
   d. Contusion to the left hand;
   e. Contusion to the left thumb;
   f. **Surgery;**
   g. **Future surgery;**
   h. Pain and suffering;
   i. **Permanent injury;**
   j. Emotional distress;
   k. Embarrassment;
   l. Humiliation;
   m. Loss of mobility;
   n. Loss of range of motion;
   o. Instability in the left knee;
   p. Scarring;
   q. Aggravation of existing conditions;
   r. Loss of life's pleasures;
   s. Past and future medical bills/expenses;
   t. Difficulty sleeping;
   u. Loss of ability to enjoy life and normal activities; and
   v. All damages set forth in greater detail in the medical records.

*See* Exhibit "A," at ¶ 25 (emphasis added.)

14. Plaintiff further claims damages in excess of $50,000, thereby certifying that this matter is not appropriate for Philadelphia County's compulsory arbitration program. *See* Exhibit "A," at *ad damnum* clause.

15. A defendant has thirty days to file a notice of removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." *See* 28 U.S.C. § 1446(b)(1).

16. Removal is proper when "the document informs the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022).

17. This Court has long held that documents indicating that the Plaintiff is a surgical candidate is sufficient to create a basis for removal. *See*, *e.g.*, *Sharawi v. WWR Premier Holdings, LLC*, 2020 U.S. Dist. LEXIS 3649, *4-5, 2020 WL 93942 (E.D. Pa. Jan. 7, 2020) (where a case met the amount in controversy requirement based on amended discovery responses indicating that the plaintiff would require a future knee replacement; and was timely removed within 30 days after the plaintiff appealed a Philadelphia arbitration award); *see also Judge v. Phila. Premium Outlets*, Civil Action No. 10-1553, 2010 U.S. Dist. LEXIS 56762, *7 (E.D. Pa. June 8, 2010) (holding that the defendant's notice of removal was timely when filed within 30 days of its receipt of a case management conference memorandum that contained a demand above $75,000 and stated that the plaintiff would require future surgery) (citations omitted);

18. Based on the claims of severe injuries in Plaintiff's Complaint, namely her alleged need for an invasive joint replacement surgery, the amount in controversy exceeds $75,000.

19. This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000 as set forth herein.

20. Accordingly, the requirements of 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) are satisfied and this matter is properly removable.

**WHEREFORE**, Defendants, Walmart Supercenter and Walmart Incorporated, respectfully requests that this state action be removed from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

                                                                              Respectfully submitted,
                                                                              **MCDONNELL & ASSOCIATES, P.C.**

Dated: March 10, 2026           By:    */s/ Peter Della Porta*
                                                                              Patrick J. McDonnell, Esquire
                                                                              Attorney I.D. No. 62310
                                                                              Email: pmcdonnell@mcda-law.com
                                                                              Gwyneth R. Schrager, Esquire
                                                                              Attorney I.D. No.: 319219
                                                                              Email: gschrager@mcda-law.com
                                                                              Peter Della Porta, Esquire
                                                                              Attorney I.D. No. 331346
                                                                              Email: pdellaporta@mcda-law.com
                                                                              860 First Avenue, Suite 5B
                                                                              King of Prussia, PA 19406
                                                                              Telephone – (610) 337-2087
                                                                              Facsimile – (610) 337-2575
                                                                              *Attorneys for Walmart Defendants*