# EXHIBIT A

**THE CURRAN FIRM, P.C.**
**By: Francis J. Curran, Jr., Esquire / 47198**
**By: Ryan F. Curran, Esquire / 313188**
**By: Joshua Whitney Esquire / 338530**
**200 East State Street, Suite 103**
**Media, PA 19063**
**Ph.: (610) 566-5300 / Fax: (610) 566-6114**

**Attorneys for Plaintiff**

Filed and Attested by the
Office of Judicial Records
10 FEB 2026 01:31 pm
B. BALILONIS

| | |
|---|---|
| **SCOTT HAYS**<br>91 Steeplechase Drive<br>Media, PA 19063 | **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY** |
| | **CIVIL ACTION** |
| **v.** | |
| **WALMART SUPERCENTER**<br>Parkesburg Supercenter<br>100 Commons Drive<br>Parkesburg, PA 19365<br>and | **No.** |
| **WALMART INCORPORATED**<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and | |
| **ABC STAFF AND/OR CORPORATIONS 1-2**<br>100 Commons Drive<br>Parkesburg, PA 19365 | **JURY TRIAL DEMANDED** |

## CIVIL ACTION - COMPLAINT

**NOTICE**

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or Premises or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.

Lawyers Reference Service
Philadelphia County Bar Association
1101 Market Street, 10th Floor
Philadelphia, PA 19107
Ph.: (215) 238-6300

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defienda, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla com todas las provisiones de est demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABODADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Lawyers Reference Service
Philadelphia County Bar Association
1101 Market Street, 10th Floor
Philadelphia, PA 19107
Ph.: (215) 238-6300

**THE CURRAN FIRM, P.C.**
**By: Francis J. Curran, Jr., Esquire / 47198**
**By: Ryan F. Curran, Esquire / 313188**
**By: Joshua Whitney Esquire / 338530**
**200 East State Street, Suite 103**
**Media, PA 19063**
**Ph.: (610) 566-5300 / Fax: (610) 566-6114**
**Attorneys for Plaintiff**

| | | |
|---|---|---|
| **SCOTT HAYS**<br>91 Steeplechase Drive<br>Media, PA 19063<br><br>v.<br><br>**WALMART SUPERCENTER**<br>Parkesburg Supercenter<br>100 Commons Drive<br>Parkesburg, PA 19365<br>and<br>**WALMART INCORPORATED**<br>702 SW 8th Street<br>Bentonville, AR 72716<br>and<br>**ABC STAFF AND/OR CORPORATIONS 1-2**<br>100 Commons Drive<br>Parkesburg, PA 19365 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **COURT OF COMMON PLEAS,**<br>**PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION**<br><br><br><br>**No.**<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Scott Hays, by and through his attorneys, The Curran Firm, P.C., brings the instant action alleging injuries and damages upon a cause of action and in support thereof avers as follows:

## PARTIES

1. Plaintiff, Scott Hays ("Plaintiff") is an adult individual who resides at 92 Steeplechase Drive, Media, PA 19063.

2. Defendant, Walmart Incorporated, is a business entity authorized to do business in the Commonwealth of Pennsylvania with its corporation headquartered at 702 SW 8th Street, Bentonville, AR 72716.



Case ID: 260201377

3. Defendant, Walmart Supercenter d/b/a Parkesburg Supercenter, is a business entity authorized to do business in the Commonwealth of Pennsylvania with a place of business located at 100 Commons Drive, Parkesburg, PA 19365.

4. Defendants, ABC Staff and/or Corporations 1-2 are fictitious names identified as permitted by Pa. R.C.P. 2005 whose legal names are presently unknown to Plaintiff despite diligent inquiry. Said Defendants represent the personnel and/or professional corporation(s) or business entity/ies that acted as a principal, employer, or agent of other named Defendants herein and/or were responsible for the upkeep and maintenance of 100 Commons Drive, Parkesburg, PA 19365, in January of 2025. Upon information and belief, any such corporate entities are affiliated with Walmart Incorporated, Walmart Supercenter d/b/a Parkesburg Supercenter and/or other Defendants and at all times material hereto were responsible for the upkeep and maintenance of 100 Commons Drive, Parkesburg, PA 19365, in January of 2025. The best available address for said Defendants is in care of Walmart Supercenter d/b/a Parkesburg Supercenter which maintains a business address at 100 Commons Drive, Parkesburg, PA 19365. The precise name of said Defendants is unknown to Plaintiff after a reasonable search and diligent inquiry. Plaintiff is asserting claims against these Defendants for negligence and for the negligence of its agents, employees, ostensible agents, and/or servants, including without limitation the named Defendants herein and/or other individuals responsible for the upkeep and maintenance of 100 Commons Drive, Parkesburg, PA 19365 in January of 2025. Plaintiff makes a demand that the true and full legal name of said Defendants be provided within thirty (30) days of service of this Complaint to enable amendment.

5. At all times material hereto, Defendant, Walmart Incorporated, owned, co-owned, possessed, operated, controlled, maintained, and/or leased the real property, buildings, structures, improvements, bathrooms, and walkways located 100 Commons Drive, Parkesburg, PA 19365.

6. At all times material hereto, Defendant, Walmart Supercenter d/b/a Parkesburg Supercenter, owned, co-owned, possessed, operated, controlled, maintained, and/or leased the real property, buildings, structures, improvements, bathrooms, and walkways located at 100 Commons Drive, Parkesburg, PA 19365.

7. At all times material hereto, Defendant, ABC Staff and/or Corporations 1-2 owned, co-owned, possessed, operated, controlled, maintained, and/or leased the real property, buildings, structures, improvements, bathrooms, and walkways located at 100 Commons Drive, Parkesburg, PA 19365.

8. At all times relevant, Defendants were the agents, brokers, servants, alter egos, and/or instrumentalities of one another, and acted and/or failed to act through their staff, agents, workers, servants, contractors, representatives, workmen, and/or employees, each of whom were acting in the course of their employment and within the scope of authority in furtherance of the business of Defendants.

9. At all times relevant, Defendants were vicariously liable for the conduct of their staff, agents, workers, servants, contractors, representatives, workmen, and/or employees on the basis of *respondeat superior*, because each Defendant owed a duty to use due care with regard to Plaintiff.

10. At all times relevant hereto, Plaintiff was a business invitee on Defendants' premises for the purposes for which the land at this location was open to the public for, and/or for purposes directly, and/or indirectly connected with the business dealings of Defendants.

11. At all times relevant hereto, Defendants had a duty to protect business invitees such as Plaintiff, Scott Hays.

12. In light of their legal duties to properly maintain their premises and to keep their business invitees, including Plaintiff, safe from harm, Defendants were responsible for ensuring that their premises were safe and free of any dangerous or hazardous conditions.

13. All of the acts and/or omissions alleged in this complaint were committed by Defendants, their respective agents, servants, workmen, and/or employees within the course and scope of said employment and/or agency and/or ostensible agency with the express or implied permission of, or on behalf of, Defendants.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 42 Pa.C.S § 5322.

15. Venue lies properly in Philadelphia County pursuant to Pa.R.C.P 2179(a)(2) because Defendant, Walmart Incorporated, regularly conducts business in Philadelphia County. Walmart Incorporated owns and operates a storefront in Philadelphia County. Furthermore Walmart Incorporated derives substantial revenue from residents of Philadelphia County via online sales, sales from their Philadelphia location, and sales from Walmart locations in surrounding counties.

## FACTS

16. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

17. On January 15, 2025, at approximately 6:50 p.m., Plaintiff was a business invitee of Defendants at the Walmart Parkesburg Supercenter, located at 100 Commons Drive, Parkesburg, PA 19365.

18. At or around 7:00 p.m., Plaintiff attempted to use the bathroom located within the Walmart Parkesburg Supercenter.



Case ID: 260201377

19. Unbeknownst to Plaintiff, a pipe had recently burst in the bathroom, causing the floor to flood with water.

20. As Plaintiff walked into the bathroom, he stepped in the unexpected pool of water on the ground which caused him to slip and fall.

21. The fall caused Plaintiff to suffer severe, debilitating, and permanent injuries.

22. At all times material hereto, Defendants knew, or should have known of the existence of the clear liquid that caused Plaintiff's fall.

23. At all times material hereto, Plaintiff did not assume the risk of the injuries.

24. At all times material hereto, Plaintiff was a business invitee lawfully upon Defendants' premises.

25. Defendants breached their duty of care owed to Plaintiff as set forth herein.

26. Solely as a result of the acts and/or omissions of Defendants as hereinafter set forth, Plaintiff sustained injuries, including:

a. Torn left meniscus;

b. Deep cartilage fissure;

c. Subchondral edema;

d. Contusion to the left hand;

e. Contusion to the left thumb;

f. Surgery;

g. Future surgery;

h. Pain and suffering;

i. Permanent injury;

j. Emotional distress;

k. Embarrassment;

l. Humiliation;

m. Loss of mobility;

n. Loss of range of motion;

o. Instability in the left knee;

p. Scarring;

q. Aggravation of existing conditions;

r. Loss of life's pleasures;

s. Past and future medical bills/expenses;

t. Difficulty sleeping;

u. Loss of ability to enjoy life and normal activities; and

v. All damages set forth in greater detail in the medical records.

27. Plaintiff's injuries were in no way or manner caused by any negligent act on the part of the Plaintiff.

28. As a result of Defendants' negligence, carelessness, and recklessness, Plaintiff has been obligated to expend, has expended, and may in the future be required to expend various and diverse sums of money for medicines, medical, surgical, and rehabilitative care in and about an effort to treat the injuries Plaintiff received, all for which claim is made.

29. As a direct and proximate result of Defendants' negligence, carelessness, and recklessness, Plaintiff has been required in the past to expend various and diverse sums of money for medical care and treatment, for which claim is made.

30. Defendants breached their duty of care owed to Plaintiff as set forth above.



Case ID: 260201377

31. At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any negligence.

32. As a result of the Defendants' actions and failures to act as set forth herein, Plaintiff has sustained a permanent diminution in his ability to enjoy life and life's pleasures, for which claim is made.

33. Plaintiff believes and therefore avers that the aforesaid injuries are permanent in nature, that medical attention will be required in the future, that he may have suffered a permanent disability, and the pain and suffering already experienced may continue indefinitely and permanently into the future, for which claim is made.

34. The injuries and losses of Plaintiff are due to the negligence, carelessness, and recklessness, of the Defendants and are not due to any act or omission of the Plaintiff or other persons, entities, or instrumentalities beyond the control or agency of the Defendants.

## COUNT I – NEGLIGENCE

**Plaintiff v. All Defendants**

35. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

36. Plaintiff's injuries and damages were factually caused by the negligence, carelessness, and recklessness of the Defendants and consisted of the following:

   a. Failure to regard the rights, safety, and position of Plaintiff in and about the area of the aforementioned accident;

   b. Permitting hazardous conditions to exist of, on, or about Defendants' premises where Defendants knew or should have known of the dangerous condition that existed;

c. Failing to discover and remedy the dangerous condition of water on the bathroom floor when, in the exercise of reasonable care, Defendants knew or should have known of its existence;

d. Failing to make reasonable and timely inspections of the premises, including the plumbing system and the subject bathroom, sufficient to discover the leaking or burst pipe and the resulting hazardous accumulation of water;

e. Failing to maintain the plumbing system in a reasonably safe and proper working condition, thereby allowing a pipe to burst and flood the bathroom floor;

f. Failing to warn Plaintiff and other business invitees of the dangerous condition of water on the bathroom floor by signs, cones, barriers, verbal warnings, or any other reasonable means;

g. Violating applicable statutes, codes, ordinances, and industry standards pertaining to premises safety and the maintenance of commercial restrooms;

h. Failing to protect Plaintiff, a business invitee, from a dangerous condition on its premises;

i. Failing to exercise reasonable care in the upkeep of the area of the aforementioned accident, which was used in the regular course of its business;

j. Failing to make reasonable and timely inspections to discover the dangerous condition on its premises;

k. Failing to prevent harm and injuries to Plaintiff from the dangerous condition on its premises;

l. Failing to instruct any employee, servicemen, agents, and/or workers to provide warnings to business invitees about the dangerous condition of its premises;

m. Failing to properly respond when Plaintiff, a business invitee, was injured on its premises;

n. Failing to properly train its staff and/or employees, and/or agents in the proper and safe management of its premises in order to ensure the safety of business invitees, including Plaintiff;

o. Failing to properly select and/or hire appropriate and qualified individuals or business entities to maintain its premises;

p. Failing to have and/or follow adequate procedures and policies for the protection and safety of business invitees;

q. Failing to formulate and/or enforce adequate procedures and policies for warning business invitees of dangerous conditions on its premises;

r. Failing to formulate and/or enforce adequate policies and procedures for the inspection and maintenance of its premises;

s. Negligently, knowingly, and/or recklessly failing to identify the presence of large amounts of water on their bathroom floor;

t. Negligently, knowingly, and/or recklessly allowing patrons to continue to use the subject bathroom despite the presence of large amounts of water on the floor;

u. Negligently, knowingly, and/or recklessly failing to mitigate the situation and remove the water from the bathroom floor;

v. Vicarious liability for the acts or failures to act of their employees, agents, ostensible agents, and servants, including without limitation the other named Defendants.

37. The aforementioned negligence, carelessness, and recklessness of Defendants directly and proximately caused Plaintiff's injuries and/or increased the risk of such harm to Plaintiff.

**WHEREFORE**, Plaintiff requests this Honorable Court to enter judgement in his favor and against Defendants, Walmart Supercenter d/b/a Parkesburg Supercenter, Walmart Incorporated, and ABC Staff and/or Corporations 1-2, jointly, severally, and/or in the alternative in an amount in excess of the jurisdictional arbitration limit, together with interest, costs, attorneys' fees, punitive damages, delay damages and such other relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,
**THE CURRAN FIRM, P.C.**

**Date:** February 10, 2026 **By:** */s/Francis J. Curran, Jr.*
**FRANCIS J. CURRAN, JR., ESQUIRE**
**Attorneys for Plaintiff**

**THE CURRAN FIRM, P.C.**

**Date:** February 10, 2026 **By:** */s/ Ryan F. Curran*
**RYAN F. CURRAN, ESQUIRE**
**Attorneys for Plaintiff**

**THE CURRAN FIRM, P.C.**

**Date:** February 10, 2026 **By:** */s/ Joshua Whitney*
**JOSHUA WHITNEY, ESQUIRE**
**Attorneys for Plaintiff**

**VERIFICATION**

I, SCOTT HAYS, hereby aver that I am the Plaintiff herein and as such verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information, and belief; further, I understand that this verification is made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

Date: 1/7/2026

By: Signed by: SMH
1901EF9A30954DF...
SCOTT HAYS